IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SAMANTHY BROOKS,** § | |
| § | |
| Plaintiff, § | |
| § | C.A. No._____ |
| V. § | |
| § | |
| **HOUSTON INDEPENDENT SCHOOL** § | |
| **DISTRICT** § | |
| § | |
| Defendant. § | **(JURY TRIAL DEMANDED)** |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, Samanthy Brooks, filing her Original Complaint complaining of Defendant, Houston Independent School District, and in support thereof would show as follows:

## I.
## JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to 28 U.S.C. § 1343(a), 28 U.S.C. §1331, 42 U.S.C. §1983, 42 U.S.C. §1981(a), as amended, and 42 U.S.C. 2000§ *et seq.*, as amended/Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act, as amended ("ADA"), and the anti-retaliation regulations of 42 U.S.C. §1981, as amended and 42 U.S.C. 2000§ *et seq.*, and the ADA.

2. Samanthy Brooks ("Brooks" or "Plaintiff") resides in Houston, Harris County, Texas. Brooks is African-American citizen of the United States and a person as contemplated under 42 U.S.C. §1981 and Title VII. Brooks is also associated with a close family member who is

disabled and is protected under Title I of the ADA.  Brooks was at all relevant times an employee within the meaning of the applicable statues set forth here.

3. Defendant, Houston Independent School District ("HISD" or "Defendant") is a governmental agency in the State of Texas and is an employer as defined by 42 U.S.C. § 2000€ *et seq* and a person as contemplated under 42 U.S.C. § 1981(a), as amended.  Defendant was at all times Brook's employer within the meaning of 42 U.S.C. §1981 and Title VII.  Plaintiff will serve Defendant with this lawsuit as required by the Federal Rules of Procedure.

4. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division.  Venue is appropriate in this Court.

### VICARIOUS LIABILITY--RESPONDEAT SUPERIOR

5. Whenever in this pleading it is alleged that Defendant did any act or thing, or failed to do any act or thing, it is meant that Defendant's officers, owners, servants, employees, or representatives including but not limited to Patrice Dauge, Terry Pierce, Cynthia Iyamu, Tesha Y. Foster, and Carla Foster did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment with Defendant, or in the furtherance of Defendant's interests, or with the full authorization, permission, tolerance, and/or ratification of Defendant, or was done by an authorized member of management of Defendant or was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendant and its officers, owners, servants, employees, or representatives.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Brooks filed an original Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on or about March 30, 2012 and an amended Charge of Discrimination on or about August 31, 2012. In Charge, No. 460-2012-201861, and any amendments and/or attachments thereto, Brooks asserted that Defendant unlawfully discriminated against her based on her race (African-American), her association with her disabled grandson, and retaliated against her for complaining about such discrimination.

7. After investigating Brook's Charge, the EEOC issued Brooks a RIGHT TO SUE LETTER on or about July 23, 2013. Brooks has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

8. Plaintiff, Samanthy Brooks, has been a food-services employee of HISD for approximately 19 years. On top of her loyal service to HISD, Brooks cares for her disabled grandson, D. Harris, who has severe cases of attention deficit hyperactivity disorder ("ADHD") and attention deficit disorder ("ADD").

9. D. Harris' medical issues severely affect his ability to learn, among other major life functions, and because of his disabilities he requires constant attention and care. Brooks has committed her life to ensuring that D. Harris receives the care he needs to thrive and become a successful adult.

10. For that reason, Brooks chose, when able, to work at schools where D. Harris attends school – so she could be available to help with D. Harris, if necessary. Often time, the staff at D. Harris' school would reach out to Brooks for assistance with D. Harris.

11. While Brooks was willing to assist D. Harris' teachers when she could, her supervisors such as Cynthia Iyamu (principal of the school where Brooks worked) often harassed her by making demeaning and intimidating comments to Brooks about leaving the area in which she worked.

12. Further, Patrice Dauge (Caucasian the Area Manager of the department in which Brooks worked, harassed Brooks based on her race (African-American). Dauge generally and consistently spoke in a demeaning way to Brooks and other African-American and minority employees.

13. Particularly offensive to Brooks was that Dauge would refer to African-American people as "you people." Dauge also verbally harassed Brooks and other minority employees at HISD by directing them to "shut-up and do what you are told." Dauge also discriminated against the Hispanic employees yelling at them that, "this is an English speaking job and you cannot speak *any* Spanish!"

14. Believing that Dauge's treatment of her and the other employees was unfair and unlawfully motivated by race, in December 2011, Brooks complained about Dauge's discriminatory conduct toward her and other employees to Fedela (lku) of Quality Control.

15. After conversing with several staff members, Fedela confirmed that she had spoken to Dauge about his inappropriate and unlawful comments to the employees and, upon information and belief, directed him not to make statements like that again.

16. However, after Dauge was confronted with Brooks' complaint, Dauge only harassed Brooks more. Dauge continued to refer to Brooks and other African-Americans as "you people" and he began looking for reasons to discipline Brooks. Prior to her complaint of discrimination, Dauge had never written Brooks up for misconduct, but shortly following Brooks' complaints, Dauge was determined to have Brooks fired and issued her approximately three (3) multiple disciplinary actions within approximately two months and threatened her job.

17. Then, after nine years working of at Welch Middle School[1] and within approximately three months of her complaint regarding Dauge, HISD maliciously transferred Brooks to another school and away from her grandson.

18. At Brooks' newly assigned school, Tinsley Elementary, her new manager, Carla Foster, intimidatingly warned her during her very first week of employment that "[she] knew what went on at Welch," and "[she] was told to watch Brooks!" Unbelievable, Foster issued Brooks three disciplinary actions in Brooks first week of employment.

19. Distraught by the retaliation at Welch which continued at Tinsley, Brooks believed she would face a mental breakdown if forced to continue under such harassing circumstances. Thus, she was forced to exercise medical leave due to the overwhelming stress and anxiety she felt due to HISD's mistreatment of her.

20. Then, on or about March 30, 2012, Brooks filed a Charge of discrimination with the EEOC to complain about Dauge's maltreatment of her and the retaliation she faced after voicing her complaints.

---

[1] HISD hired Brooks in 1994 and Brooks has worked in various positions and locations for HISD, consistently with the ambition of working close to her grandson.

21. Following Brooks' EEOC Charge, HISD targeted Brooks for termination. Since her Charge filing, Brooks has been falsely accused of violating HISD's policies and code of conduct, she has been verbally harassed, transferred from her grandson's school, and ultimately, HISD wrongfully and unlawfully terminated her employment in retaliation for her complaints of discrimination.

22. At all times, Defendant's employees acted pursuant to their official authority and their actions were taken under color of state law. The policies, practices, and customs of HISD were carried out through Defendant's employees whose acts and decisions are the official acts of HISD.

23. Brooks now sues for the discrimination and retaliation she faced as a HISD employee.

## IV.
## CAUSES OF ACTION

### A. DISCRIMINATION PURSUANT TO TITLE VII

24. Plaintiff repeats and re-alleges by reference each allegation contained in paragraphs 8-23 above and incorporates them here as though fully set forth.

25. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 and Title VII, by intentionally interfering with Plaintiff's employment and performance of her employment because of her race.

26. This intentional interference consisted of discrimination of a continuous nature.

27. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment.

28. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

B. **DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 and 1983 AND**

29. Plaintiff repeats and re-alleges by reference each allegation contained in paragraphs 8-23 above and incorporates them here as though fully set forth.

30. Defendant's termination of Brooks violated the rights secured to Brooks by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the violation of which is actionable under 42 U.S.C. §1983. Defendant's termination of Brooks also violated her rights secured by 42 U.S.C. 20000e, *et seq*. and 42 U.S.C. §1981, §1981(a), and the ADA.

C. **DISCRIMINATION PURSUANT TO TITLE ONE OF THE ADA**

31. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 8-23 above and incorporates them here as though fully set forth.

32. Defendant violated Brooks rights under the ADA by discriminating and harassing her based on her association with a person who is disabled, perceived as being disabled, and/or has a record of disability in violation of the ADA.

33. Defendant's acts were intentional and consisted of discrimination of a continuous nature. Further, Defendant, through its agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, promotions, privileges, and terms and conditions of Plaintiff's employment. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

34. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. The above-described acts by Defendant were undertaken in violation of the ADA, as amended.

**D**.  **RETALIATION PURSUANT TO 42 U.S.C. §1981, TITLE VII, and the ADA**

36. Plaintiff repeats and re-alleges by reference each allegation contained in paragraphs 8-23 above and incorporates them here as though fully set forth.

37. After complaining to management and then the EEOC of maltreatment, Plaintiff was subsequently and repeatedly harrassed, ignored, disciplined, and ultimately terminated.

38. As herein alleged, Defendant illegally retaliated against Plaintiff because she complained of maltreatment and discrimination. Defendant had no legitimate business reasons for any of such acts. Each act of retaliation is in violation of 42 U.S.C. §1981, Title VII, and the ADA's anti-retaliation provisions.

39. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

40. The above-described acts on Defendant's part were undertaken in violation of 42 U.S.C. §1981, 42 U.S.C. §1983, Title VII, and the ADA and proximately caused Plaintiff substantial injuries and damages.

## V.
## JURY DEMAND

41. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

42. Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendant. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages in an amount to be proved at trial.

43. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent her in these causes of action set forth in this Complaint. Plaintiff has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of this cause.

44. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages that shall be proven at trial.

45. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-

judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice, which discriminates, based on race, association with a disabled person, and/or for engaging in protected conduct.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h.	Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

/s/  Marjorie A. Murphy
_____
Marjorie A. Murphy
Attorney-in-Charge
State Bar No. 24013218
Federal Bar No. 34512
7322 Southwest Freeway, Suite 1090
Houston, Texas  77074
Telephone:  (832) 564-3804
Facsimile:  (832) 553-7441

**ATTORNEY FOR PLAINTIFF**
SAMANTHY BROOKS